IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NICHOLAS NUNLEY                                                                    PLAINTIFF

      v.        Civil No. 5:19-cv-05202

SHERIFF SHAWN HOLLOWAY; and                                                        DEFENDANTS
DEPUTY MURPHY

## **OPINION**

Plaintiff, Nicholas Nunley, filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se*. When he filed the case, Plaintiff was incarcerated at the Benton County Detention Center (BCDC).

Plaintiff's IFP application was incomplete and he was ordered on October 29, 2019, to file a complete application with the Court. (ECF No. 3). Plaintiff was also directed to file an amended complaint. *Id.* Both the IFP application and the amended complaint were due by November 19, 2019. *Id.* In the same Order (ECF No. 3), Plaintiff was specifically advised that he was required to immediately inform the Court of any change of address. If Plaintiff was transferred or released, Plaintiff was told he must advise the Court of any change in his address by no later than thirty (30) days from the time of his transfer to another facility or his release. Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

1

On November 21, 2019, mail was returned to the Court (ECF No. 5) as undeliverable with a notation that Plaintiff was no longer incarcerated at the BCDC. Plaintiff had until December 23, 2019, to provide the Court with his new address.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)(stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

To date, Plaintiff has not filed a complete IFP application, filed an amended complaint, provided a new address, or contacted the Court in anyway. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

IT IS SO ORDERED on this 6th day of January 2020.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE